UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONTE JOHNSON,

                        Petitioner,

                                                CASE NO. 2:21-CV-11259
v.                                              HONORABLE SEAN F. COX

MICHAEL BURGESS,[1]

                        Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

       This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner

Lamonte Johnson ("Petitioner") was convicted of involuntary manslaughter, Mich. Comp. Laws

§ 750.321c, carrying a concealed weapon, Mich. Comp. Laws § 750.227, felon in possession of a

firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a

felony, Mich. Comp. Laws § 769.227b, following a jury trial in the Macomb County Circuit Court.

He was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to 17 to 50 years

imprisonment on the manslaughter conviction, concurrent terms of 5 to 10 years imprisonment on

the concealed weapon and felon in possession convictions, and a consecutive term of 2 years

_____

[1] Petitioner is currently confined at the Oaks Correctional Facility in Manistee, Michigan. *See* Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://www.mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=600386.  The proper respondent in this case is the warden at that facility who has custody of Petitioner.  *See* 28 U.S.C. § 2243; 28 U.S.C. foll. § 2254, Rule 2(a); Fed. R. Civ. P. 81(a)(4).  Accordingly, the Court amends the caption to name Michael Burgess as Respondent.

imprisonment on the felony firearm conviction in 2018.   In his pleadings, he raises claims concerning the denial of a directed verdict motion on a second-degree murder charge and the validity of his sentence.   For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.      Facts and Procedural History

Petitioner's convictions arise from the death of a three-year old child who obtained his gun and shot himself at an apartment complex in Clinton Township, Michigan in 2017.   The Michigan Court of Appeals described the relevant facts, which are presumed correct on federal habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> This case arises from an incident that occurred on June 20, 2017, at the Newport Apartments on 24194 Lotus Drive in Clinton Township, Michigan where the three-year-old victim shot himself while playing with a gun. On the day of the incident, defendant stood on the ground level at the apartment complex interacting with a woman who was on the second-floor balcony. The victim was playing with a gun and ultimately shot himself. April McKay, a resident, ran downstairs from her balcony. Defendant picked the victim up and held him until someone grabbed the victim because the victim's mother was panicking. McKay then grabbed the victim to apply pressure to his wound. The victim was rushed to the hospital. Defendant left the scene and no one found the gun. In an interview following his arrest, defendant told a detective that he did have a .22 caliber revolver in the pocket of his pants when he was at the apartment complex, but did not know what happened to the gun after the shot was fired.

*People v. Johnson*, No. 344168, 2019 WL 5596391, *1 (Mich. Ct. App. Oct. 29, 2019) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review.   The court denied relief on those claims and affirmed his convictions and sentences.   *Id.* at *1-4.   Petitioner filed an

2

application for leave to appeal with the Michigan Supreme Court, which was denied in a standard

order.  *People v. Johnson*, 505 Mich. 1042, 941 N.W.2d 638 (2020).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I.      He was deprived of his constitutional right to due process and a fair trial
        when the trial court erred in denying the defense motion for a directed verdict
        on the second-degree murder charge.

II.     His minimum sentence of 17 years for the involuntary manslaughter
        conviction is significantly disproportionate to the crime committed under the
        14th Amendment.

ECF No. 1, PageID.5-6.  Respondent filed an answer to the habeas petition contending that it should

be denied for lack of merit.  ECF No. 7.

**III.     Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28

U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering

habeas petitions brought by prisoners challenging their state court convictions.  The AEDPA

provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim--

> (1)     resulted in a decision that was contrary to, or involved an unreasonable
>         application of, clearly established Federal law, as determined by the
>         Supreme Court of the United States; or

> (2)     resulted in a decision that was based on an unreasonable determination of
>         the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."

4

*Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id*.  Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id*.; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014).  Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015).  A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable.  *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *Williams*, 529 U.S. at 412;  *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72.  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  *Harrington*, 562 U.S. at 100.  Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of

[Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.    Discussion

### A.    Directed Verdict Motion Claim

Petitioner first asserts that he is entitled to habeas relief because trial court erred in denying the defense motion for a directed verdict on a second-degree murder charge (of which he was not convicted). Specifically, he asserts that the prosecution failed to present sufficient evidence that he created a dangerous situation where death or serious bodily injury was likely. Respondent contends that this claim lacks merit.

The Michigan Court of Appeals denied relief on this claim ruling that the trial court's denial

of the direct verdict motion was proper because the prosecution presented sufficient evidence to support submitting the second-degree murder charge to the jury and finding that, even if the trial court erred in denying the motion, such error was harmless because Petitioner was not convicted of second-degree murder. *Johnson*, 2019 WL 5596391 at *1-3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  First, clearly-established United States Supreme Court law provides only that a criminal defendant has a right not to be *convicted* except upon proof of every element of a crime beyond a reasonable doubt; the Supreme Court has never held that submission of a charge upon which there is insufficient evidence violates a defendant's constitutional rights where the defendant is acquitted of that charge.  *See Long v. Stovall*, 450 F. Supp. 2d 746, 752 (E.D. Mich. 2006) (quoting *Skrzycki v. Lafler*, 347 F. Supp. 2d 448, 453 (E.D. Mich. 2004)); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 761-62 (E.D. Mich. 2004).

The United States Court of Appeals for the Sixth Circuit has held that any error in submitting a criminal charge to a jury is harmless, where, as in this case, the petitioner was acquitted of that charge.  *Pyne v. Harry*, No. 18-2347, 2019 WL 2208303, *3 (6th Cir. April 2, 2019); *Daniels v. Burke*, 83 F.3d 760, 765 n. 4 (6th Cir. 1996) (citing cases and stating that "[s]ome courts, under similar facts have concluded that submission to the jury of charge constituted harmless error in light of petitioner's acquittal of that charge," but finding it unnecessary to decide the issue); *Aldrich*, 327 F. Supp. 2d at 761; *Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001), *but cf. Williams v. Jones*, 231 F. Supp. 2d 586, 593-94 (E.D. Mich. 2002) (relying on double jeopardy case of *Price v. Georgia*, 398 U.S. 323, 331 (1970)).  Given that Petitioner was acquitted of the second-degree murder charge and only found guilty of

7

the lesser offense of involuntary manslaughter, any error in submitting the second-degree murder charge to the jury was harmless and does not warrant relief.

Additionally, to the extent that Petitioner asserts that the trial court erred in denying his directed verdict motion under state law, he fails to state a claim for habeas relief. *See, e.g., King v. Trippett*, 27 F. App'x 506, 510 (6th Cir. 2001) (upholding district court's ruling that petitioner failed to state a habeas claim where he alleged that trial court erred in denying directed verdict motion on armed robbery charge and he was acquitted of that charge). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Lastly, even if Petitioner states a cognizable claim as to this issue, he is not entitled to relief. Under Michigan law, the elements of second-degree murder are: "(1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse." *People v. Goecke*, 457 Mich. 442, 463-464, 579 N.W.2d 868 (1998). Malice is defined as "the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Id*. at 464. Malice can be inferred from evidence that the defendant "intentionally set in motion a force likely to cause death or great bodily harm." *People v. Djordjevic*, 230 Mich. App. 459, 462, 584 N.W.2d 610 (1998). Second-degree murder does not require an actual intent to harm or kill, but only the "intent to do an act that is in obvious disregard of life-endangering consequences ...." *Goecke*, 457 Mich. at 466. Direct or circumstantial evidence, and reasonable inferences therefrom, may constitute satisfactory proof of the elements of an offense, *People v. Jolly*, 442 Mich. 458, 466, 502

N.W.2d 177 (1993), including a defendant's intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997).

In this case, the prosecution presented evidence that Petitioner admitted to police that was at the scene of the shooting with a gun in his left pants pocket and that he dropped the gun, Bishop Testim, ECF No. 8-12, PageID.1117, ECF No. 8-13, PageID.1154, that he had the gun a couple of days before the shooting and asked a friend how to unload it, Johnson Testim., ECF No. 8-11, PageID.902-903, Harris Testim., *id*. at PageID.943, that he fired a gunshot while at the apartment complex two days before the fatal shooting, Dillard Testim., *id*. at PageID.824, that he was possibly wearing sweatpants at the time of the shooting, Saveah Dillard Testim. *id.* at PageID.856, that he was in an area where children were playing, McKay Testim., ECF No. 8-11, PageID.754-757, Johnson Testim., *id*. at PageID.891-892, that he jumped up twice to high five someone on a balcony, Johnson Testim. *id.* at PageID.893, Harris Testim., *id*. at PageID.933-924, that several children passed the gun back and forth before the shooting, Saquantia Dillard Testim., *id.* at PageID.852, and that Ms. McKay saw the victim holding what she thought was a toy gun, and when she asked Petitioner whether the victim was holding a gun, he said "no" and disregarded her concerns. McKay Testim., *id*. at PageID.759, 762. Such testimony was sufficient evidence to justify submitting the second-degree murder charge to the jury. At a minimum, the Michigan Court of Appeals' decision to that effect was reasonable. Petitioner fails to establish a violation of his constitutional rights. Habeas relief is not warranted on this claim.

**B.     Sentencing Claim**

Petitioner next asserts that he is entitled to habeas relief because his minimum sentence of

17 years imprisonment on the involuntary manslaughter conviction is significantly disproportionate to the crime.  Respondent contends that this claim is not cognizable and that it lacks merit.

The Michigan Court of Appeals denied relief on this claim finding that Petitioner's involuntary manslaughter sentence is within the state sentencing guidelines such that it is presumptively proportionate, noting that he is a fourth habitual offender, and concluding that he failed to present unusual circumstances that would render his sentence disproportionate. *Johnson*, 2019 WL 5596591 at *3-4.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  A sentence imposed within the statutory limits is generally not subject to federal habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999); *see also Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature).  Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  Petitioner's involuntary manslaughter sentence is within the statutory maximum sentence for a fourth habitual offender.  *See* Mich. Comp. Laws §§ 750.321 (authorizing a maximum sentence of 15 years imprisonment); 769.12 (authorizing a life sentence for a fourth habitual offender).  Consequently, his sentence is insulated from habeas review absent a federal constitutional violation.

Petitioner's claim that his involuntary manslaughter sentence is disproportionate is not cognizable on federal habeas review because it is a state law claim.  *See Harmelin v. Michigan*, 501

10

U.S. 957, 965 (1991) (ruling that the Eighth Amendment does not require strict proportionality and that Michigan prisoner's claim that his sentence was disproportionate was not cognizable on habeas review); *Clarmont v. Chapman*, No. 20-1205, 2020 WL 5126476, *1 (6th Cir. July 13, 2020) ("[A]ny state law challenge to the reasonableness of [petitioner's] sentence or argument that his sentence is disproportionate under state law is also not cognizable on habeas review."). There is no federal constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). As noted, state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328.

Similarly, to the extent that Petitioner contests the state courts' application or interpretation of state law, he is not entitled to relief. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68. Petitioner fails to state a claim upon which federal habeas relief may be granted as to this issue.

Petitioner also cannot establish that his involuntary manslaughter sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin*, 501 U.S. at 965. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (2000) (internal citation omitted). As discussed, Petitioner's involuntary manslaughter sentence of 17 to 50 years imprisonment is within the guideline range and within the statutory maximum. The state trial court

11

thus acted within its discretion in imposing the sentence and there is no extreme disparity between Petitioner's crime and sentence so as to offend the Eighth Amendment.  Habeas relief is not warranted on this claim.

## V.      Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims.  Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Petitioner makes no such showing.  Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.  This case is closed.

**IT IS SO ORDERED**.

s/Sean F. Cox_____
Sean F. Cox
United States District Judge

Dated:  March 14, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on

March 14, 2023, by electronic and/or ordinary mail.

s/J. McCoy
Case Manager